JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DOCKET NO. 841

JUN 27 1990

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE BOARDROOM BUSINESS PRODUCTS, INC., SECURITIES LITIGATION

TRANSFER ORDER

   This litigation presently consists of five actions pending in three federal districts:  three actions in the Southern District of New York and one action each in the Western District of Washington and the Central District of California.  Before the Panel is a motion by McGladrey & Pullen (McGladrey), a defendant or third-party defendant in each of the five actions, to centralize the actions in the Southern District of New York, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings.  Eastlake Securities, Inc., a defendant in four of the five actions, supports McGladrey's Section 1407 motion, and plaintiffs in the three New York actions state that they do not oppose the motion.  Plaintiff in the Washington action opposes inclusion of that action in centralized pretrial proceedings in the Southern District of New York.  Boardroom Business Products, Inc. (Boardroom), the plaintiff in the adversary proceeding listed on the attached Schedule A and pending in the bankruptcy court for the Central District of California, opposes inclusion of that action in centralized pretrial proceedings in the Southern District of New York.

   On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Central District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  The four district court actions and the adversary proceeding share factual questions relating to the financial status of Omni Micro Inc. (Omni) at the time its assets were acquired by Boardroom in August, 1988.  Moreover, the four district court actions all allege violations of securities laws arising from Boardroom's public offering of securities subsequent to its acquisition of Omni's assets.  Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.  Inasmuch as 1) the Panel has determined to centralize this litigation in the district where the adversary proceeding is already pending, and ii) a district court judge in the Central District of California has previously denied a motion for withdrawal of reference of the adversary proceeding to the bankruptcy court, the Panel will leave to the discretion of the transferee court the determination of the extent of any coordination between the centralized district court actions and the adversary proceeding.

We are persuaded that the Central District of California is the appropriate transferee forum for this docket. We note that 1) related bankruptcy proceedings involving Boardroom, the issuer of the securities that are the subject of the four district court actions, are pending in the Central District of California; and 2) Boardroom's principal place of business is in the Central District of California, and consequently many relevant witnesses and documents are likely to be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Manuel L. Real for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Robert H. Schnacke
Judge of the Panel

SCHEDULE A

MDL-841 -- In re Boardroom Business Products, Inc., Securities Litigation

### Central District of California

Boardroom Business Products, Inc. v. Omni Micro, Inc., et al., Advy. No. SA89-0553-JR

### Western District of Washington

A. Evans, d/b/a Evergreen Advisory Management, et al. v. Eastlake Securities, Inc., et al.; and Eastlake Securities, Inc. v. John W. Veenstra, et al., C.A. No. Civ. 89-1325-BR

### Southern District of New York

Emmy Lou (Kelly) Epifano v. Boardroom Business Products, Inc., et al.; and Eastlake Securities, Inc. v. McGladrey & Pullen, C.A. No. 89 Civ. 0412

Frederick G. Appleton, etc. v. John W. Veenstra, et al.; and Eastlake Securities, Inc. v. Omni Micro, Inc., et al., C.A. No. 89 Civ. 1352

Solar Group S.A. v. Eastlake Securities, Inc., et al., C.A. No. 89 Civ. 2928